**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-6583

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH BULLOCK,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Robert E. Payne, District Judge.   (CR-98-133-1; CA-05-191-5)

Submitted:  April 26, 2006                Decided:  May 22, 2006

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Joseph Bullock, Appellant Pro Se.  Michael Cornell Wallace, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joseph Bullock seeks to appeal the district court's order construing his Fed. R. Civ. P. 60(b) motion as a successive 28 U.S.C. § 2255 (2000) motion and dismissing it as successive. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Bullock has not made the requisite showing. Accordingly, we deny leave to proceed in forma pauperis, deny a certificate of appealability, deny Bullock's appellate motion for relief under Fed. R. Civ. P. 60(b), and dismiss the appeal.

Additionally, we construe Bullock's notice of appeal and informal brief on appeal as an application to file a second or successive motion under 28 U.S.C. § 2255. See Jones v. Braxton,

392 F.3d 683, 689-90 (4th Cir. 2004); <u>United States v. Winestock,</u> 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. §§ 2244(b)(2), 2255 (2000). Bullock's claims do not satisfy either of these conditions. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>